USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :   17 CR 136 (VM)
    - against -                     :   16 CR 729 (VM)
                                    :
JEFFREY RUFFIN,                     :   **ORDER**
                                    :
            Defendant.              :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

The Court received the request of defendant Jeffrey Ruffin ("Ruffin") for appointment of counsel to determine his eligibility for a sentencing adjustment under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (the "First Step Act"). (See "July 28 Letter," 17 CR 136, Dkt. No. 9.) Ruffin is currently serving a sentence of sixty months' imprisonment in 16 CR 729, having pled guilty to one count each of conspiracy to traffic firearms, in violation of 18 U.S.C. Section 371, and being a felon in possession of a firearm, in violation of 18 U.S.C. Section 922(g)(1). (See 16 CR 729, Dkt. No. 83.) Separately, the Court sentenced Ruffin to eight months' imprisonment in 17 CR 136. (See "Judgment," 17 CR 136, Dkt. No. 7.) The eight months' imprisonment in 17 CR 136 relates to Ruffin's guilty plea to violating the terms of supervised release from an earlier proceeding dating to 1992 in the Eastern District of New York, in which he was sentenced to fifteen years' imprisonment followed by fifteen years'

supervised release for conspiracy to possess and possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. Sections 846 and 851(b)(1). (See "Request for Court Action," 17 CR 136, Dkt. No. 3.) The Court ordered that the eight-month sentence of revocation imprisonment in 17 CR 136 run consecutively to the sixty-month sentence of imprisonment imposed in 16 CR 729. (See Judgment at 2.)

Ruffin now argues that he "qualif[ies] for relief from the [eight] month consecutive sentence" under the First Step Act. (July 28 Letter at 1.) The Court requested the views of the Government and the U.S. Probation Office ("Probation") on the matter addressed by Ruffin. (See id. at 2.) The Court received a Supplemental Presentence Report ("Doino Report") from Probation dated November 19, 2019, advising the Court that Ruffin was not eligible for a sentencing adjustment under the First Step Act because Ruffin is no longer serving his original sentence. Meanwhile, on October 16, 2019 counsel for Ruffin ("Defense Counsel") entered an appearance on the other docket. (See "Notice of Attorney Appearance," 16 CR 729, Dkt. No. 91.)

The Court is aware that case law on the First Step Act is still scarce but evolving quickly. See, e.g., United States v. Venable, 943 F.3d 187 (4th Cir. 2019). Considering these

2

developments, the information contained in the Doino Report, and the arguments Ruffin advances in his July 28 Letter, the Court hereby ORDERS that:

Within thirty days of the date of this Order, the U.S. Attorney's Office and Defense Counsel shall each file a letter, not to exceed five pages, setting forth their respective positions on whether Ruffin is eligible for relief under the First Step Act and United States v. Venable, 943 F.3d 187 (4th Cir. 2019).

The Clerk of Court is respectfully directed to enter this Order in both Docket 17 CR 136 and Docket 16 CR 729.

**SO ORDERED.**

Dated: New York, New York
       8 January 2020

VICTOR MARRERO
U.S.D.J.