USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __June 30, 2020__

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA             :
                                     :     16 CR 729 (VM)
     - against -                     :     17 CR 136 (VM)
                                     :
JEFFREY RUFFIN,                      :     ORDER
                                     :
               Defendant.            :
-------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court received the motion of defendant Jeffrey Ruffin ("Ruffin") for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See "Motion," No. 16 CR 729, Dkt. No. 98.) Ruffin is currently serving a sentence of sixty months' imprisonment at the Metropolitan Detention Center ("MDC"), having pled guilty to one count each of conspiracy to traffic firearms, in violation of 18 U.S.C. Section 371, and being a felon in possession of a firearm, in violation of 18 U.S.C. Section 922(g)(1). (See No. 16 CR 729, Dkt. No. 83.) In October 2021, Ruffin will begin serving his consecutive eight-month sentence for violating the terms of supervised release following his 1991 narcotics conviction. (See No. 17 CR 136, Dkt. No. 7.) The Court previously denied Ruffin's request for sentencing relief under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. United States v. Ruffin, No. 17 CR 136, 2020 WL 2519949, at *4 (S.D.N.Y. Apr. 9, 2020).

Ruffin now moves for compassionate release under Section 3582 due to the risks presented by the ongoing COVID-19 pandemic. (See Motion; "Anders Decl.," Dkt. No. 99.) The Government opposes Ruffin's Motion. (See "Opposition," No. 16 CR 729, Dkt. No. 101.) Based on its review of Ruffin's Motion and accompanying declaration and exhibits, the Government's Opposition, and the relevant case law, the Court will deny the Motion.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after finding that "extraordinary and compelling reasons warrant such a reduction." Section 3582(c)(1)(A)(i). A court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Section 3582(c)(1)(A). Any reduction of sentence under Section 3582 must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling

2

reasons" exist. Finally, the Court must also consider the factors set forth in 18 U.S.C. Section 3553(a) in determining whether it should grant compassionate release.

Ruffin argues first that his request is procedurally proper, as he submitted a request to the warden of the MDC more than thirty days before filing his Motion. Next, he argues that his state of health, coupled with the increased risks of incarceration at the MDC, present an "extraordinary and compelling circumstance" warranting relief. Ruffin suffers from several medical issues -- in particular, his high blood pressure and diabetes place him at increased risk should he contract COVID-19. Ruffin states that he "has been unable to receive appropriate diagnostic services while imprisoned at the MDC," and that the "level of under-testing for COVID-19 at the MDC is dangerous." (Motion at 5.) Ruffin also reports that the MDC's system of handling inmates' medical requests is deficient, leaving the facility unable to determine exactly how many cases of COVID-19 it has, and leading to reports that some symptomatic inmates have been denied treatment. Finally, Ruffin argues that the Section 3553(a) factors counsel in favor of a reduction due to various mitigating facts related to the offense conduct, his sincere remorse, his struggle with addiction, and his desire to

3

reenter society and attend an outpatient drug rehabilitation program.

The Government, in its Opposition, concedes that Ruffin has exhausted his administrative remedies and that the Motion is procedurally proper. The Government also concedes that Ruffin has established an "extraordinary and compelling reason" allowing compassionate release based on his Type 2 diabetes. However, the Government opposes the Motion on the grounds that the Section 3553(a) factors counsel against release.

The Court will deny the Motion. First,[1] the Court is not persuaded that Ruffin's diagnosis of Type 2 diabetes qualifies as an "extraordinary and compelling reason" warranting compassionate release, the Government's concession notwithstanding. Indeed, the Government's position is contrary to its position in similar cases -- including some before this Court -- in which the inmate suffered from Type 2 diabetes or other serious illnesses. E.g., United States v. Cognetta, No. 18 CR 14, Dkt. No. 365 (S.D.N.Y. May 13, 2020); United States v. Reese, No. 12 CR 629, Dkt. No. 283 (S.D.N.Y. May 8, 2020); id., Dkt. No. 285 (S.D.N.Y. May 15, 2020).

---

[1] The parties agree, and the Court assumes, that Ruffin has exhausted his administrative remedies.

4

However, even assuming Ruffin has demonstrated "extraordinary and compelling reasons" under Section 3582, the factors listed in 18 U.S.C. Section 3553(a) would still weigh against his release on balance. See United States v. Kerrigan, No. 16 CR 576, 2020 WL 2488269, at *4 (S.D.N.Y. May 14, 2020) (denying compassionate release based on Section 3553(a) factors "even if" the defendant had demonstrated "extraordinary and compelling reasons"). Ruffin urges the Court to read the statute in a particularly stringent way, such that "the Section 3553(a) factors must themselves be extraordinary to countervail a judicial finding of 'extraordinary and compelling reasons.'" (Motion at 13.) The Court sees only limited logical force in such a reading. "Extraordinary and compelling reasons" are, obviously, extraordinary and compelling, but that does not mean that they cannot be countervailed by the considerations raised by *non*-extraordinary Section 3553(a) factors. See, e.g., United States v. Nieves, No. 12 CR 931, 2020 WL 2476185, at *3 (S.D.N.Y. May 13, 2020) (defendant's "serious medical conditions" were "not enough to warrant compassionate release" in light of the Section 3553(a) factors). Indeed, Ruffin's argument finds no support in the statutory text, which merely requires the Court to consider the factors "to the extent that they are applicable, if it finds that[]

5

extraordinary and compelling reasons warrant" a sentencing reduction. Section 3582(a)(1)(A).[2] In other words, whether "extraordinary and compelling reasons warrant" a reduction and whether the Section 3553(a) factors counsel in favor of a reduction are two formally distinct inquiries, though the considerations raised by each may overlap at times. E.g., United States v. Wong Chi Fai, No. 93 CR 1340, 2019 WL 3428504, at *4 (E.D.N.Y. July 30, 2019) (granting compassionate release to an inmate with terminal cancer where extraordinary and compelling reasons were present and the Section 3553(a) factors did not "sway in favor of a different result").

Turning to those factors now, the Court agrees with the Government that they weigh against granting compassionate release. As noted in the Court's earlier decision denying sentencing relief under the First Step Act, Ruffin, 2020 WL 2519949, at *3, Ruffin has now violated the terms of supervised release of his 1991 narcotics conviction twice, demonstrating a clear disregard for the law. While the Court recognizes Ruffin's remorse and the steps he has taken to

---

[2] Ruffin relies on United States v. Bess, No. 16 CR 156, 2020 WL 1940809, at *10 (W.D.N.Y. Apr. 22, 2020), but the Court notes that Bess is easily distinguished based on the defendant's multiple serious health conditions, the confirmed higher incidence of COVID-19 at the facility where the defendant resided, and the court's finding that he would not pose any danger to the safety of his community if released.

6

rehabilitate himself, including through programs such as Focus Forward, the simple fact remains that firearms trafficking is serious and dangerous conduct. Previous sentences have not served to deter him from committing dangerous crimes and the Court cannot find that Ruffin presents no danger to the community. Nor has Ruffin aged out of crime. He is 57 years old, but as the Government notes, he committed his last two felonies at 44 and 53 years old, and his criminal record is lengthy. In short, the Court is not persuaded that a reduced sentence would adequately reflect the seriousness of the crimes committed, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Jeffrey Ruffin for compassionate release (Dkt. No. 98) is **DENIED**. The Clerk of Court is respectfully directed to enter this Order in both Docket 17 CR 136 and Docket 16 CR 729.

**SO ORDERED.**

Dated: New York, New York
       30 June 2020

_____
Victor Marrero
U.S.D.J.